**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANGELO AUSTIN,** | |
| **PLAINTIFF,** | **Civil Action No. _____** |
| **v.** | |
| **WORKING AMERICA,** | **JURY TRIAL DEMANDED** |
| **DEFENDANT.** | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Angelo Austin, by and through his attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

**PRELIMINARY STATEMENT**

1.      This is an action for an award of damages and other relief on behalf of Plaintiff Angelo Austin (hereinafter "Plaintiff" or "Mr. Austin"), a former employee of Working America (hereinafter "Working America" or "Defendant"). Despite his loyalty and consistent performance, Mr. Austin was subjected to discrimination and harassment on the basis of his sexual orientation, and to retaliation for complaining about discrimination and harassment, culminating in his wrongful termination on February 2, 2025.

2.      This action arises under the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), et. seq.

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States pursuant to 29 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On August 1, 2025, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On February 2, 2026, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.[1]

## VENUE

7. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

---

[1] It has been less than one year since Plaintiff dual-filed his Charge of Discrimination as a Complaint with the PHRC.  Plaintiff will seek to amend his Complaint in this matter once it has been greater than one year since his dual-filing and he has exhausted his administrative remedy with respect to his claims brought pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA").

8.      This action properly lies in the Eastern District of Pennsylvania because significant activities associated with the claims alleged took place in this jurisdiction and because Plaintiff was employed and terminated by Defendant in this jurisdiction.

### PARTIES

9.      Plaintiff Angelo Austin is an adult male citizen and resident of Novi, Michigan and the United States of America.

10.     Defendant Working America is a non-profit organization headquartered in Washington D.C. with offices around the country, including in Philadelphia, Pennsylvania, where Plaintiff was most recently employed by Defendant.

11.     At all relevant times, Defendant is and has been an employer employing more than 50 employees.

12.     At all relevant times, employees of Defendant acted as agents and servants for Defendant.

13.     At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of their employment under the direct control of Defendant.

14.     At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

15.     At all relevant times hereto, Plaintiff was an "employee" of Defendant within the meaning of the laws at issue in this suit and is accordingly entitled to the protection of said laws.

16.     At all relevant times hereto, Defendant was an "employer" and/or "person" under the laws at issue in this matter and is accordingly subject to the provisions of said laws.

17.     This Honorable Court has personal jurisdiction over the Defendant.

**FACTS**

18.     On or about June 6, 2024, Mr. Austin was hired by Working America as a Field Canvasser.

19.     While employed by Working America, Mr. Austin performed his duties in an excellent and hardworking manner.

20.     Mr. Austin was promoted to Assistant Field Director in July 2024, Interim Field Director in August 2024, then Field Director in November 2024.

21.     Despite his loyalty and excellent performance, Mr. Austin was discriminated against and harassed on the basis of his sexual orientation, and retaliated against for complaining about discrimination and harassment, culminating in his wrongful termination on February 2, 2025.

22.     Mr. Austin worked on election-related work connected with the 2024 election cycle.

23.     When the election concluded, the focus switched to fundraising.

24.     On or about January 1, 2025, Mr. Austin relocated from Detroit to Philadelphia and began working in the Philadelphia office of Working America.

25.     In the Philadelphia office, Mr. Austin was supervised by Jason McDaniel.

26.     Mr. McDaniel made frequent comments disparaging of Mr. Austin's sexual orientation as a gay man.

27.     If Mr. McDaniel did not like something, he would refer to it as "faggot sh*t" and often made comments such as "we need to act like men, not women."

28.     Mr. Austin complained to Human Resources about discrimination and harassment and about Mr. McDaniel's comments, but nothing was ever done.

29.     When Mr. McDaniel learned about Mr. Austin's complaints, he began calling Mr. Austin a "sissy" and referred to him as weak.

30.     Mr. Austin is aware of numerous other LGBTQ individuals who have complained about Mr. McDaniel's derogatory comments and attitude as well, to no avail.

31.     On February 2, 2025, after a month working under Mr. McDaniel, Mr. Austin was terminated.

32.     The grounds for Mr. Austin's termination are entirely unjustified and unwarranted.

33.     Working America claimed that Mr. Austin had erroneously marked a donation as received when it had not yet been received.

34.     The donation in question was for $10.

35.     Mr. Austin believes that this was an honest oversight, as it happened on the first day he had used a new program to track donations.

36.     Mr. Austin is aware that this same issue arose with respect to approximately five other employees, where a donation was erroneously marked as received.

37.     None of those employees who made the same error were gay or had complained about discrimination or harassment, and none of them were terminated by Working America.

38.     In light of the circumstances outlined above, and given his treatment during his employment with Working America and the circumstances surrounding his termination, Mr. Austin maintains that he was discriminated against and harassed on the basis of his sexual orientation, and that he was retaliated against for his complaints of discrimination and harassment.

39.     Based on the foregoing, Mr. Austin was subjected to discrimination and harassment on the basis of his sexual orientation, and retaliated against because of his complaints about discrimination and harassment in violation of Title VII.

40.     Mr. Austin has suffered mental anguish and severe emotional distress as a direct and proximate result of the actions and inactions of Defendant.

41.     Defendant and its agents acted with the intent of causing or with reckless disregard for the probability that their actions would cause Mr. Austin severe emotional distress.

42.     Defendant willfully violated Title VII, as Defendant knew that its actions violated the statutes and/or acted with reckless disregard as to whether its actions violated Title VII.

43.     Mr. Austin has suffered financial losses, which include, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit, as a direct and proximate result of the actions and inactions of Defendant.

## COUNT I
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq.**

44.     Plaintiff Angelo Austin repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

45.     Based on the foregoing, Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

46.     In discriminating against and harassing Mr. Austin because of his sexual orientation, and in retaliating against Mr. Austin for his complaints of discrimination and harassment, Defendant violated Title VII.

47.     Defendant's violations were intentional and willful.

48.     Defendant's violations warrant the imposition of punitive damages.

6

49.     As the direct and proximate result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff Angelo Austin has sustained a loss of earnings and earning potential, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

## PRAYER FOR RELIEF

50.     Plaintiff Angelo Austin repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Angelo Austin respectfully requests that this Court enter judgment in his favor and against Defendant Working America and Order:

a. Appropriate equitable relief, including reinstatement or front pay;

b. Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination, harassment, and retaliation;

c. Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

d. Defendant to pay Plaintiff punitive damages;

e. Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

f. Defendant to pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's attorneys' fees;

g. Plaintiff be granted any and all other remedies available under Title VII; and

h.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Angelo Austin hereby demands trial by jury as to all issues so triable.


BELL & BELL LLP

By:    */s/ Christopher A. Macey, Jr.*
Christopher A. Macey, Jr., Esquire
One Penn Center
1617 JFK Blvd. – Suite 1254
Philadelphia, PA 19103
(215) 569-2285

*Attorneys for Plaintiff Angelo Austin*

Dated: April 30, 2026